UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL STEPHEN KELLEY, ) | |
| ) | |
| Debtor, ) | |
| ) | |
| TOM K. O'LOUGHLIN II, ) | |
| ) | Case No. 16-10552 |
| Trustee, ) | |
| ) | Adversary No. _____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL STEPHEN KELLEY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### COUNT I

For Count I of his Complaint, the Trustee states:

1. Tom K. O'Loughlin II is the duly authorized and acting Trustee in this estate.

2. The Defendant, Michael Stephen Kelley, filed his Voluntary Petition in Bankruptcy on June 29, 2016.

3. This Court has jurisdiction in this matter pursuant to 28 U.S.C. Section 1334. This Court may hear and determine core proceedings pursuant to Rule 9.01(B)(1) of the United States District Court for the Eastern District of Missouri.

4. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(J).

1

5. The Debtor filed a Schedule A/B in this matter which revealed ownership of the following:

    a. A tract of real estate located at RR2, Box 4805, Ellsinore, Missouri consisting of a 3 bedroom, 1.5 bath house on 3.55 acres. This tract was claimed to be owned as a tenant by the entirety with his wife.

    b. A tract of real estate located at RR2, Box 4805, Ellsinore, Missouri consisting of 78 acres of farm land and hill land. This tract was claimed to be owned as a tenant by the entirety with his wife.

    c. Monies as follows:

| | |
|---|---|
| Cash | $75,000.00 |
| First Midwest Bank checking account | $200.00 |
| US Bank checking account | $150.00 |
| First Midwest Bank savings account (daughter's account) | $200.00 |
| First Midwest Bank savings account | $50.00 |

6. Debtor/Defendant later filed an Amended Schedule A/B in which he disclosed that the 78 acre tract of farm land and hill land was owned in his sole name in a fee simple title.

7. The Debtor/Defendant filed a Statement of Financial Affairs in which he revealed income in response to question number 4 as follows:

| | |
|---|---|
| Income from January 1, 2016 through June 29, 2016 | $4,612.50 |
| Income from January 1, 2015 through December 31, 2015 | $13,398.00 |

2

Income from January 1, 2014 through December 31, 2014     $12,361.00

8. In addition to the income described in response to question numbered 4 of the Statement of Financial Affairs, the Debtor/Defendant also revealed in response to question numbered 5 of the Statement of Financial Affairs that he had received the sum of $155,000.00 in a time period from January 1, 2016 through the date of the filing of his bankruptcy. The source of this money was revealed to be an inheritance.

9. The Debtor/Defendant filed an Amended Statement of Financial Affairs on October 19, 2016, which revealed additional income in response to question numbered 5. The additional income disclosed in the Amended Statement of Financial Affairs was the receipt of $10,286.69 from a personal injury settlement.

10. Schedule A/B and the Amended Schedule A/B as well as the Statement of Financial Affairs and the Amended Statement of Financial Affairs were signed by the Debtor who declared that under the penalty of perjury that the answers were true and correct.

11. The Debtor/Defendant was an heir in the Estate of Robert Gerald Kelley. The Estate of Robert Gerald Kelley was a probate estate that was filed and administered in the Circuit Court of Carter County, Missouri, being Estate No. 12AK-PR00022.

12. There was a dispute among the heirs of Robert Gerald Kelley and a Compromise Settlement Agreement was entered into by the heirs on October 15, 2015. See Exhibit "1" attached hereto and made a part hereof.

13. Under the terms of the Compromise Settlement Agreement, the Debtor/Defendant was to receive the following:

    a. A one-third interest as a tenant in common in real estate described as the "cabin property" as set forth in paragraph IV of the Compromise Settlement Agreement;

    b. A one-third interest as a tenant in common in real estate described as a "20 acre tract" as set forth in paragraph V of the Compromise Settlement Agreement.

    c. A bag of coins which had a value as silver in excess of their face value as set forth in paragraph IX of the Compromise Settlement Agreement.

    d. The sum of $15,500.00 in cash in payment of the claim filed by the Debtor/Defendant against the Estate of Robert Gerald Kelley as set forth in paragraph XI of the Compromise Settlement Agreement.

14. The Debtor/Defendant failed to disclose in his schedules and Statement of Financial Affairs any of the items described in paragraph 13 hereof.

15. In addition to that property described in paragraph 13 hereof, the Circuit Court of Carter County, Missouri entered its Order in the Estate of Robert Gerald Kelley on January 22, 2016 whereby it Ordered a partial distribution to Michael Kelley and Dale Nunnery, Attorney at Law, in the sum of $37,000.00. See Exhibit "2" attached hereto and made a part hereof.

16. The Debtor/Defendant failed to disclose in his schedules and Statement of Financial Affairs the item described in paragraph 15 hereof.

17. The Circuit Court of Carter County, Missouri entered its Amended Final Settlement Approved, Finding and Decree of Heirship, Succession and Distribution in the Estate or Robert Gerald Kelley. See Exhibit "3" attached hereto and made a part hereof. In its Amended Final Settlement Approved, Finding and Decree of Heirship, Succession and Distribution, the Court Ordered that the Debtor/Defendant was to receive a one-third interest in the tracts of real estate described as Tract No. 1 and 2 as well as payment of the sum of $155,531.34 in cash.

18. Debtor/Defendant failed to disclose receipt and distribution of the real estate described in the Amended Final Settlement Approved, Finding and Decree of Heirship, Succession and Distribution. The Debtor/Defendant did disclose the receipt of the inheritance in the amount of $155,000.00.

19. The Trustee has made requests upon the Debtor/Defendant to provide an exact and accurate accounting of the real estate, coins and monies received from the Estate of Robert Gerald Kelley as well as provide documentation regarding the location and/or disposition of these assets. Debtor/Defendant refuses to cooperate with the Trustee in this regard and will not provide an accounting.

20. The Debtor/Defendant responded to question numbered 18 of the Statement of Financial Affairs by stating under oath that he had not sold, traded or otherwise transferred any property to anyone other than property transferred in the ordinary course of business or financial affairs.

21.     The Trustee is of the belief that the Debtor/Defendant has concealed assets and committed fraud.

22.     Other than the receipt of the $155,000.00 disclosed in the Statement of Financial Affairs, the Trustee was unaware of the distributions received by the Debtor/Defendant from the Estate of Robert Gerald Kelley until January of 2018.

23.     The Debtor/Defendant received a discharge on October 17, 2017.

24.     The Bankruptcy Code provides in 11 U.S.C. Section 727(D) that on the request of a Trustee and after notice and hearing, the Court shall revoke a discharge granted if

(1) Such discharge is obtained through the fraud of the Debtor, and the requesting party (Trustee) did not know of such fraud until after the granting of such discharge;

(2) The Debtor acquired property that is property of the estate, and knowingly and fraudulently failing to report the acquisition of or to deliver or surrender such property to the Trustee.

WHEREFORE, Trustee prays the Court to revoke the discharge granted herein to the Debtor/Defendant and for such other and further relief as may be just and proper.

## COUNT II

For Count II of his Complaint, Trustee states:

1.     Trustee restates and realleges paragraphs 1 through 24 of Count I.

2.     This Court should Order the turnover by the Debtor/Defendant to the Trustee the following items of property which appear to be property of the estate, to-wit:

   a.     Bag of silver coins;

6

Case 16-10552   Doc 91   Filed 02/20/18   Entered 02/20/18 16:26:12   Main Document   Pg 7 of 7

  b. Copies of all Deeds with respect to real estate received from the Estate of Robert Gerald Kelley; and

  c. All financial records regarding disposition of funds by the Debtor/Defendant received from the Estate of Robert Gerald Kelley.

3. The Court should require the turnover of these items within 10 days from the entry of the Order herein.

WHEREFORE, Trustee prays the Court to enter its Order directing the Debtor/Defendant to turnover those items described in paragraph 2 hereof within 10 days of any Order entered by this Court and for such other and further relief as may be just and proper.

    Respectfully submitted,

    O'LOUGHLIN, O'LOUGHLIN & KOETTING, L.C.

    /s/ J. Patrick O'Loughlin
    J. Patrick O'Loughlin – Fed. Bar #27487MO
    1736 North Kingshighway
    Cape Girardeau, MO  63701
    Telephone:  (573) 334-9104
    Fax:  (573) 334-5256
    pato@oloughlinlawfirm.com

7